hPLOTKIN, Judge.
This appeal concerns a resentencing only.
Edward Jackson was convicted of vehicular homicide on November 2, 1998, and sentenced on November 20, 1998, to serve ten years at hard labor and to pay a $2000 fine to the victim’s survivors. He appealed, and in an unpublished opinion this Court affirmed his conviction, vacated his sentence, and remanded the matter for resentencing.[1] State v. Jackson, 99-0783 (La.App. 4 Cir. 12/22/99), 759 So.2d 352.
Defendant was resentenced on June 28, 2000, to serve ten years at hard labor.
The facts of the case are not at issue here.
Defendant now appeals from his resen-tencing and argues that the trial court erred by imposing an excessive sentence. However, defendant did not file a motion to reconsider sentence. Defendant merely objected to the sentence at the resentenc-ing hearing.
La.C.Cr.P. art. 881.1 provides:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, |?the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or'to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of exces-siveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In the absence of an Article 881.1 motion, we refuse to consider the claim of excessiveness of sentence. See State v. Green, 93-1432 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, writs denied, 96-1131, 96-1248 (La.10/4/96), 679 So.2d 1379-80.
Accordingly, for reasons stated above, the appellant’s sentence is affirmed.

AFFIRMED.

. La.C.Cr.P. art. 873 requires a twenty-four hour delay between denial of a defendant's motion for acquittal and his sentencing; in this case the delay was not observed, and Jackson’s argument on appeal concerned his sentence. Therefore, the sentence was vacated, and the case was remanded for resentenc-ing.